FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 15, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CASEY RIDGE,<br><br>                    Plaintiff,<br><br>    v.<br><br>SPOKANE COUNTY, CITY OF SPOKANE VALLEY,<br><br>                    Defendants. | NO. 2:25-CV-0429-TOR<br><br>ORDER OF DISMISSAL |

BEFORE THE COURT are Plaintiff's Complaint (ECF No.1) filed on October 28, 2025, and Plaintiff's Motion to Obtain Electronic Case Filing Authorization (ECF No. 8).  The Court has reviewed the record and files herein and is fully informed.  For the reasons discussed below, the claims asserted in Plaintiff's Complaint are **DISMISSED WITH PREJUDICE**.

### BACKGROUND

Plaintiff Casey Ridge, proceeding *pro se* and *in forma pauperis*, brings suit against Spokane County and the City of Spokane under 42 U.S.C. § 1983.  ECF

ORDER OF DISMISSAL ~ 1

No. 1.

Plaintiff alleges that he stored valuable property in four storage units located at Northwest Self Storage within the City of Spokane Valley.  ECF No. 1 at 3.  Plaintiff claims that in May 2024, Northwest Self Storage unlawfully sold the contents of a unit that was fully paid by Plaintiff.  Plaintiff alleges that he contacted local law enforcement to report the unlawful sale and requested assistance in accessing his property.  *Id.*  Plaintiff alleges that an officer of the Spokane Valley Police Department called Plaintiff back at 5:00 PM and left a voicemail notifying Plaintiff that the officer would be gone on vacation for the next ten days and the matter would have to wait until he returned if Plaintiff did not reach him by the end of the business day.  *Id.*  Plaintiff claims this untimely failure to act by the officer allowed the unlawful deprivation of Plaintiff's property.  Plaintiff therefore claims that such inaction constituted a deprivation of Plaintiff's property in violation of the Fourteenth Amendment.  *Id.* at 4.

Plaintiff subsequently filed an action in Spokane County Superior Court, Case No. 24-2-04189-32, seeking remedy for the alleged "state-sanctioned deprivation of property."  *Id.*  Plaintiff asserts that the county court has prevented Plaintiff meaningful access to the judicial process by ignoring Plaintiff's motions, cancelling scheduled hearings, and disregarding discovery demands and sanctions.  *Id.* at 5.  Plaintiff claims this was a violation of Plaintiff's due process rights under

ORDER OF DISMISSAL ~ 2

the Fourteenth Amendment.

**DISCUSSION**

**I.    Legal Sufficiency Review**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen a complaint filed by a party seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (noting that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that —
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Accordingly, "[d]ismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Id*. "In making this determination, the

ORDER OF DISMISSAL ~ 3

Court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff." *Id*. Mere legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The Court construes a *pro se* plaintiff's pleadings liberally, affording the plaintiff the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quotations and citation omitted).

## II.    Section 1983 Claims

A § 1983 cause of action may be maintained "against any person acting under color of law who deprives another 'of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 887 (9th Cir. 2003) (quoting 42 U.S.C. § 1983). The rights guaranteed by § 1983 are "liberally and beneficently construed." *Dennis v. Higgins*, 498 U.S. 439, 443 (1991) (quoting *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 684 (1978)).

Section 1983 requires a claimant to prove (1) that a person acting under color of state law (2) committed an act that deprived the claimant of some right,

ORDER OF DISMISSAL ~ 4

privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which the plaintiff complains.' " *Id.* at 633 (brackets omitted) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). Moreover, the "inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Id.*

### A. Defendant City of Spokane

A local government, such as a city, "may not be sued under § 1983 for injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Rather, "[m]unicipalities and local governments can be sued under § 1983 for constitutional deprivations caused by governmental policy or custom." *Perez v. City of Fresno*, 98 F.4th 919, 931 (9th Cir. 2024).

Plaintiff does not state that any government policy or custom caused the alleged constitutional deprivations. Accordingly, Plaintiff's complaint against the City of Spokane is dismissed.

ORDER OF DISMISSAL ~ 5

A complaint must set forth the specific facts upon which the plaintiff relies in claiming the liability of each defendant. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Even a liberal interpretation of a civil rights complaint may not supply essential elements of a claim that the plaintiff failed to plead. *Id.* To establish liability pursuant to § 1983, a plaintiff must set forth facts demonstrating how each defendant caused or personally participated in causing a deprivation of plaintiff's specific protected rights. *Arnold v. IBM,* 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, liberally construing Plaintiff's Complaint in the light most favorable to Plaintiff, and interpreting the allegations therein as broadly as possible based on Plaintiff's status as a *pro se* filer, the Court finds that Plaintiff has not alleged sufficient facts to state a claim for violation of any constitutional rights.

"[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.' " *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1001 (1982)). Thus, "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982).

Plaintiff alleges that Northwest Self Storage unlawfully deprived Plaintiff of his property and the law enforcement officer's failure to act was a violation of

ORDER OF DISMISSAL ~ 6

Plaintiff's due process rights. "The Fourteenth Amendment's Due Process Clause generally does not require government actors to protect individuals from third parties." *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 968 (9th Cir. 2011). The Court finds the alleged facts do not support any Fourteenth Amendment due process violation and dismisses the claim with prejudice as amendment would be futile.

**B. Defendant Spokane County**

Plaintiff alleges that Spokane County, acting under color of state law, has subjected Plaintiff to an ongoing failure of the judicial process. ECF No. 1 at 4. To succeed on a § 1983 claim, Plaintiff "must establish that the County's actions constituted an unconstitutional policy or practice that resulted in a violation of her civil rights." *Price v. Turner*, 260 F.3d 1144 (9th Cir. 2001). Plaintiff has not made any such allegations.

Moreover, Plaintiff's claim against Spokane County rests on allegations against the Spokane County Superior Court. Governmental entities that are considered "arms of the State" are barred from suit by the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989). This includes courts that are considered state agencies. *Id.* at 69. The Spokane County Superior Court is a state agency for Eleventh Amendment purposes. *See* Wash. Const. art. IV, §§ 1.6. Therefore, to the extent Plaintiff seeks to sue the Spokane County Superior Court, such suit is barred by the Eleventh Amendment.

ORDER OF DISMISSAL ~ 7

Accordingly, Plaintiff's complaint against Spokane County is dismissed with prejudice as amendment would be futile.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

2. Plaintiff's Motion to Obtain Electronic Case Filing Authorization (ECF No. 8) is **DENIED**.

The District Court Executive is directed to enter this Order, enter judgment accordingly, furnish a copy to the plaintiff, and close the file.

DATED May 15, 2026.



THOMAS O. RICE
United States District Judge

ORDER OF DISMISSAL ~ 8